UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. RALPH DE LA TORRE, M.D.,<br><br>      Plaintiff,<br> -v.-<br><br>BERNARD SANDERS, in his capacity as Chairman of the Committee on Health, Education, Labor, and Pensions of the United States Senate, *et al.*,<br><br>      Defendants. | Case No. 1:24-cv-02776 |

**JOINT MEET AND CONFER STATEMENT**

The parties in the above-captioned action (collectively, "Parties"), by and through their respective undersigned counsel and pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3(c), met by videoconference on December 12, 2024, and hereby submit this Joint Meet and Confer Report and Proposed Scheduling Order:

**I. STATEMENT OF THE CASE**

- <u>Plaintiff's Position</u>: Plaintiff Dr. de la Torre seeks judicial redress for Defendants' unlawful violation of his constitutional rights, including his Fifth Amendment rights under the U.S. Constitution, by punishing him for invoking his Fifth Amendment rights in response to a subpoena from the U.S. Senate Committee on Health, Education, Labor, and Pensions. Defendants' conduct was unconstitutional, *ultra vires*, and lacking in any valid legislative purpose. As such, Defendants are not immune from Dr. de la Torre's action, including under the Speech and Debate Clause's immunities.

- <u>Defendants' Position</u>: Defendants are absolutely immune from Plaintiff's suit against them under the Speech or Debate Clause of the Constitution, which provides Defendants an absolute immunity from suits that challenge their actions within the legislative sphere. In addition, Plaintiff lacks Article III standing to assert his claims against defendants. Furthermore, Plaintiff's suit is an improper attempt to use a civil action to forestall a potential criminal indictment for his default on the Committee's subpoena; any objections to the Committee's actions must be raised in defense of any criminal case that may be brought against Plaintiff. Finally, the Senate found Plaintiff in default of the subpoena not

because of any assertion by Plaintiff that he would rely on his Fifth Amendment privilege, but rather because Plaintiff failed to appear before the Committee for testimony and assert any such privilege in response to specific questions, as required of witnesses. Plaintiff suffered no violation of his Fifth Amendment rights.

## II.     INFORMATION REQUIRED BY LOCAL RULE 16.3(c)

A. **Local Rule 16.3(c)(1): Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

- Plaintiff's Position: The Amended Complaint asserts cognizable claims that Defendants' actions had no valid legislative purpose and were not essential to the due functioning of the legislative process. Thus, Defendants are not immune from suit under the Speech and Debate Clause and this case should not be disposed of by dispositive motion. As a result, discovery should proceed in the normal course under the Federal and Local Rules.

- Defendants' Position: Given the jurisdictional and other legal defenses asserted by Defendants in their pending motion to dismiss, particularly the absolute immunity from suit provided by the Speech or Debate Clause, Defendants believe that the case will be disposed of by dispositive motion and that all discovery should await a decision on Defendants' pending motion to dismiss.

B. **Local Rule 16.3(c)(2): The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

- Plaintiff's Position: Plaintiff proposes a January 23, 2025 deadline to join additional parties or amend the pleadings. Plaintiff reserves the right to seek leave to amend his pleadings under Federal Rule of Civil Procedure 15 when justice so requires.

- Defendants' Position: Plaintiff has already amended his complaint once, as permitted as of right by Fed. R. Civ. P. 15(a)(1), in response to Defendants' motion to dismiss Plaintiff's original complaint. Any further attempt to amend requires leave of Court under Rule 15(a)(2) and, as Defendants have moved to dismiss the amended complaint, any such motion to further amend the complaint should be submitted by January 23, 2025.

C. **Local Rule 16.3(c)(3): Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

- Joint Position: The Parties do not agree to have the case assigned to a magistrate judge at this time.

D. **Local Rule 16.3(c)(4): Whether there is a realistic possibility of settling the case.**

- Plaintiff's Position: Plaintiff remains amenable to settlement to the extent a viable mechanism arises.

- Defendants' Position: As all Senate action regarding the subpoena to Plaintiff has been completed, including certification of Plaintiff's default to the U.S. Attorney for the District of Columbia, and as Defendants are absolutely immune from suit under the Speech or Debate Clause, Defendants do not see a realistic possibility of settlement in this case. Of course, Defendants will consider any settlement offer should one be presented by Plaintiff.

E. **Local Rule 16.3(c)(5): Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

- Joint Position: The Parties do not believe that the case would benefit from the Court's ADR procedures at this time.

F. **Local Rule 16.3(c)(6): Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

- Plaintiff's Position: This case may be resolved in Dr. de la Torre's favor on summary judgment, and Plaintiff proposes the following briefing schedule:

    o Dispositive motions: due within 60 days of close of discovery.

    o Oppositions to dispositive motions: due within 45 days of receipt of the dispositive motion.

    o Replies in support of dispositive motions: due within 30 days of receipt of the opposition.

- Defendants' Position: This case can be resolved by Defendants' pending motion to dismiss filed on December 23, 2024. Pursuant to Local Rules 7(b)&(d), Plaintiff's opposition is due within 14 days of the date of service of that motion and Defendants' reply is due within seven days after service of the opposition. Should the case continue after resolution of Defendants' motion to dismiss, Defendants propose the Parties meet and confer regarding a new briefing schedule on other dispositive motions.

G. **Local Rule 16.3(7): Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

- Plaintiff's Position: The Complaint asserts cognizable claims that Defendants' actions had no valid legislative purpose and were not essential to the due functioning of the legislative process; thus, Defendants are not immune from suit under the Speech and Debate Clause. As a result, discovery should proceed in the normal course under the Federal and Local Rules and Plaintiff proposes that initial disclosures be exchanged by January 23, 2025.

- Defendants' Position: As all other proceedings in this case should be postponed until after resolution of the jurisdictional and other defenses in Defendants' motion to dismiss, particularly Speech or Debate Clause immunity, initial disclosures under Fed. R. Civ. P. 26(a)(1) should be postponed until after resolution of Defendants' motion.

H. **Local Rule 16.3(c)(8): The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

- Plaintiff's Position: Plaintiff intends to seek discovery into any non-privileged matter that is relevant to his claims and Defendants' defenses which are proportionate to the needs of the case as authorized by the Federal Rules of Civil Procedure. Plaintiff proposes a nine-month fact discovery period followed by two months of expert discovery, to be governed by the applicable federal and local rules as well as the Court's Standing Order, ECF No. 5.

- Defendants' Position: As stated above, Defendants are absolutely immune from suit, not merely liability, under the Speech or Debate Clause, an immunity that relieves them not only from the consequences of litigation's results but also from the burden of defending themselves. Accordingly, no discovery is appropriate in this case, and, at a minimum, any discovery should be postponed until after the Court resolves Defendants' pending motion to dismiss.

I. **Local Rule 16.3(c)(9): Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

- Joint Position: At this time, the Parties are not aware of any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

J. **Local Rule 16.3(c)(10): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

- Plaintiff's Position: Plaintiff is not currently aware of any issues about claims of privilege or of protection as trial-preparation materials. However, the Parties agree to confer regarding the designation of materials as privileged or otherwise confidential to the extent that these issues arise.

- Defendants' Position: Discovery from the Defendants would be subject to privilege under the Speech or Debate Clause.

K. **Local Rule 16.3(c)(11): Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

- Plaintiff's Position: Plaintiff believes that the requirement of exchanging expert reports and information pursuant to Federal Rule 26(a)(2) need not be modified. Plaintiff believes that depositions of experts may occur within the time period designated for expert discovery.

- Defendants' Position: Defendants do not contemplate any expert witnesses, but otherwise do not see any need to modify the provisions of Fed. R. Civ. P. 26(a)(2), except that any schedule regarding such matters should be postponed until after the Court resolves Defendants' pending motion to dismiss.

L. **Local Rule 16.3(c)(12): In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

- Not applicable.

M. **Local Rule 16.3(c)(13): Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

- Plaintiff's Position: Plaintiff does not believe that trial and/or discovery should be bifurcated or managed in phases.

- Defendants' Position: Defendants do not believe any trial or discovery is appropriate in this matter, and, at a minimum, any decisions on such matters should be postponed until after the Court rules on Defendants' pending motion to dismiss.

N. **Local Rule 16.3(c)(14): The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

- Plaintiff's Position: Plaintiff respectfully requests that the Court set a date for the pretrial conference to take place no sooner than 90 days after the Court rules on dispositive motions.

- Defendants' Position: Defendants do not believe a trial is appropriate in this matter, and, at a minimum, any decision on such matter should be postponed until after the Court rules on Defendants' pending motion to dismiss.

O. **Local Rule 16.3(c)(15): Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

- Plaintiff's Position: Plaintiff respectfully requests that the Court set a date for trial at the pre-trial conference.

- Defendants' Position: Defendants do not believe a trial is appropriate in this matter, and, at a minimum, any decision on such matter should be postponed until after the Court rules on Defendants' pending motion to dismiss.

P. **Local Rule 16.3(c)(16): Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

- Plaintiff's Position: Plaintiff is not aware of any additional matters appropriate for inclusion in a scheduling order at this time.

- Defendants' Position: Defendants submit that any scheduling order should provide that no discovery or other proceedings should occur until after the Court resolves the Defendants' pending motion to dismiss.

III. **ADDITIONAL INFORMATION REQUIRED BY FED. R. CIV. P. 26(f)(3)**

A. **Federal Rule of Civil Procedure 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

- Plaintiff's Position: The Complaint asserts cognizable claims that Defendants' actions had no valid legislative purpose and were not essential to the due functioning of the legislative process; thus, Defendants are not immune from suit under the Speech and Debate Clause. As a result, discovery should proceed in the normal course and initial disclosures should be exchanged by January 23, 2025.

- Defendants' Position: As all proceedings in this case should be postponed until after resolution of the jurisdictional and other defenses in Defendants' pending motion to dismiss, particularly the Speech or Debate Clause

6

immunity, initial disclosures under Fed. R. Civ. P. 26(a)(1) should be postponed until after resolution of Defendants' motion.

B. **Federal Rule of Civil Procedure 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

- Plaintiff's Position:  Plaintiff seeks discovery into Defendants' unlawful and *ultra vires* conduct, including Defendants' violation of Plaintiff's Fifth Amendment rights.  Plaintiff proposes that fact discovery be completed within nine months of entry of the Court's scheduling order, and that expert discovery be completed within two months of the close of fact discovery.  Plaintiff anticipates that discovery will be needed into the nature and purpose of Defendants' efforts to enforce a subpoena, including but not limited to matters pertaining to whether such efforts had a valid legislative purpose and were essential to the due functioning of the legislative process.  Plaintiff does not believe that discovery need be conducted in phases.

- Defendants' Position: As stated above, Defendants are absolutely immune from suit, not merely liability, under the Speech or Debate Clause, an immunity that relieves them not only from the consequences of litigation's results but also from the burden of defending themselves.  Accordingly, no discovery is appropriate in this case, and, at a minimum, any discovery should be postponed until after the Court resolves Defendants' pending motion to dismiss.  In addition, discovery from the Defendants would itself be subject to privilege provided under the Speech or Debate Clause.

C. **Federal Rule of Civil Procedure 26(f)(3)(C): Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

- Joint Position: Currently, the Parties do not anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

D. **Federal Rule of Civil Procedure 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

- Plaintiff's Position: Plaintiff is not currently aware of any issues about claims of privilege or of protection as trial-preparation materials.  However, the parties agree to confer regarding the designation of materials as privileged or otherwise confidential to the extent that these issues arise.

- Defendant's Position: Discovery from the Defendants would be subject to privilege under the Speech or Debate Clause.

E. **Federal Rule of Civil Procedure 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

- Plaintiff's Position: Plaintiff proposes that the Parties conduct discovery as permitted by the applicable rules and currently does not foresee a need for any further changes or limitations thereto.

- Defendants' Position: As stated above, Defendants are absolutely immune from suit, not merely liability, under the Speech or Debate Clause, an immunity that relieves them of the burden of defending themselves, and therefore, no discovery is appropriate in this case, and, at a minimum, any discovery should be postponed until after the Court resolves Defendants' pending motion to dismiss. In addition, discovery from the Defendants would itself be subject to privilege under the Speech or Debate Clause.

F. **Federal Rule of Civil Procedure 26(f)(3)(F): Any Other Orders That The Court Should Issue Under Federal Rule 26(c), Rule 16(b) or Rule 16(c).**

- Plaintiff's Position: Plaintiff is not aware of any additional orders that this Court should issue under Rule 26(c) or under Rule 16(b) and (c) at this time.

- Defendants' Position: Other than the postponement of discovery and other proceedings in this case pending resolution of Defendants' pending motion to dismiss for the reasons stated above, Defendants are not aware of any additional orders that this Court should issue under Rule 26(c) or under Rule 16(b) and (c) at this time.

IV. **PROPOSED SCHEDULING ORDER**

Plaintiff proposes the following schedule shown below. Defendants submit that for the reasons set forth in their responses above, no scheduling order should be entered until after the Court resolves Defendants' pending motion to dismiss.

| Proposed Deadline | Event |
| --- | --- |
| January 23, 2025 | Deadline to join additional parties or to amend pleadings. |
| January 23, 2025 | Deadline for parties to exchange initial disclosures. |
| 36 weeks from entry of scheduling order | Deadline to complete all fact discovery. |

| | |
|---|---|
| 40 weeks from entry of scheduling order | Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). |
| 48 weeks from entry of scheduling order | Deadline to complete all expert discovery and close of all discovery. |
| 60 days from close of all discovery | Deadline to file dispositive motions. |
| 90 days after Court's decision on dispositive motions | Pre-trial Conference. |

Dated: December 24, 2024

Respectfully submitted,

*For Plaintiff*

By: */s/ Kaylee A. Otterbacher*
William A. Burck (D.C. Bar No. 979677)
Alexander J. Merton (D.C. Bar No. 1029439)
   (*pro hac vice*)
Kaylee A. Otterbacher (D.C. Bar No. 90018061)
   (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005-3314
(202) 538-8000
williamburck@quinnemanuel.com
ajmerton@quinnemanuel.com
kayleeotterbacher@quinnemanuel.com

*For Defendants*

By: */s/ Morgan J. Frankel*
Morgan J. Frankel, Bar #342022
Senate Legal Counsel

Patricia Mack Bryan, Bar #335463
Deputy Senate Legal Counsel

Thomas E. Caballero
Senior Assistant Senate Legal Counsel

Vivian M. Rivera

Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250
(202) 224-4435 (tel), (202) 224-3391 (fax)