**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DR. RALPH DE LA TORRE, M.D.,<br><br>              Plaintiff,<br><br>v.<br><br>BERNARD SANDERS, in his capacity as Chairman of the Committee on Health, Education, Labor, and Pensions of the United States Senate, *et al*.,<br><br>              Defendants. | Civil Action No. 1:24-cv-02776-TNM |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY**

Case 1:24-cv-02776-TNM    Document 25    Filed 01/23/25    Page 2 of 21

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

ARGUMENT ...................................................................................................................................2

   I.   THE SPEECH OR DEBATE CLAUSE PERMITS JURISDICTIONAL
       DISCOVERY ........................................................................................................................2

       A.   The Amended Complaint Pleads Sufficient Facts For This Court To
             Plausibly Find That The Speech or Debate Clause is Inapplicable to Dr. de
             La Torre's Claims. ....................................................................................................2

       B.   The Jurisdictional Discovery Dr. De la Torre Seeks Can Further Establish
             Subject Matter Jurisdiction. .....................................................................................6

       C.   The Speech or Debate Clause Does Not Foreclose Judicial Review of
             Defendants' Unlawful Conduct. ...............................................................................7

   II.  DR. DE LA TORRE IS ENTITLED TO THE JURISDICTIONAL DISCOVERY
       SOUGHT BY HIS MOTION ...............................................................................................9

       A.   Dr. de la Torre Seeks Limited Jurisdictional Discovery That Would
             Support This Court's Jurisdiction. ..........................................................................10

       B.   Dr. de la Torre Has Made a Detailed Showing of Specific Information He
             Seeks Through Jurisdictional Discovery..................................................................14

CONCLUSION..............................................................................................................................16

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*Arriba Ltd. v. Petroleos Mexicanos*,
  962 F.2d 528 (5th Cir. 1992) ......................................................................................... 7

*Blumenthal v. Trump*,
  373 F. Supp. 3d 191 (D.D.C. 2019) ............................................................................... 3

*Crist v. Republic of Turkey*,
  995 F. Supp. 5 (D.D.C. 1998) ........................................................................................ 7

*Diamond Chem. Co. v. Atofina Chemicals, Inc.*,
  268 F. Supp. 2d 1 (D.D.C. 2003) .............................................................................14, 15

*Doe v. McMillan*,
  412 U.S. 306 (1973) ....................................................................................................... 9

*Eastland v. U.S. Servicemen's Fund*,
  421 U.S. 491 (1975) ................................................................................................5, 8, 9

*El-Fadl v. Cent. Bank of Jordan*,
  75 F.3d 668 (D.C. Cir. 1996) ........................................................................................ 6

*Fields v. Off. of Eddie Bernice Johnson*,
  459 F.3d 1 (D.C. Cir. 2006) .......................................................................................... 5

*Gilson v. Republic of Ireland*,
  682 F.2d 1022 (D.C. Cir. 1982) .................................................................................... 7

*Gravel v. United States*,
  408 U.S. 606 (1972) ...................................................................................................8, 13

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
  199 F.3d 1343 (D.C. Cir. 2000) .................................................................................... 15

*Herbert v. Nat'l Acad. of Scis.*,
  974 F.2d 192 (D.C. Cir. 1992) ............................................................................. 6, 14, 16

*Hutchinson v. Proxmire*,
  443 U.S. 111 (1979) ....................................................................................................... 10

*Jewish War Veterans of the U.S. of Am., Inc. v. Gates*,
  506 F. Supp. 2d 30 (D.D.C. 2007) ........................................................................ 5, 11, 12

*Judicial Watch, Inc. v. Tillerson*,
293 F. Supp. 3d 33 (D.D.C. 2017), *aff'd sub nom. Judicial Watch, Inc. v. Pompeo*, 744 Fed. Appx. 3 (D.C. Cir. 2018) ............................................................ 13

*\*In re Sealed Case*,
80 F.4th 355 (D.C. Cir. 2023)......................................................... 9, 10, 13, 14

*Sec. & Exch. Comm'n v. Comm. on Ways & Means of the U.S. House of Representatives*,
161 F. Supp. 3d 199 (S.D.N.Y. 2015) ......................................... 10, 12, 13

*Trump v. Mazars USA, LLP*,
591 U.S. 848 (2020) .................................................................................... 8

*U.S. v. Brewster*,
408 U.S. 501 (1972) .................................................................................... 8

*\*United States v. Bolton*,
496 F. Supp. 3d 146 (D.D.C. 2020) ..................................................... 4, 6

*United States v. Rose*,
28 F.3d 181 (D.C. Cir. 1994)...................................................................... 8

*Watkins v. United States*,
354 U.S. 178 (1957) .................................................................................... 8

## Other Authorities

*Motive*, Merriam-Webster Dictionary Online, https://www.merriam-webster.com/dictionary/motive (last visited Jan. 23, 2025) ...................................................... 11

*Purpose*, Merriam-Webster Dictionary Online, https://www.merriam-webster.com/dictionary/purpose (last visited Jan. 23, 2025).................................................... 11

Plaintiff Dr. de la Torre's Amended Complaint[1] pleads sufficient facts for this Court to plausibly find that the Speech or Debate Clause is inapplicable to Dr. de la Torre's claims, and thus this Court is well within its authority to adjudicate this case, because the Speech or Debate Clause does not immunize members of Congress from lawsuits or liability for their actions that are outside of the legislative sphere, even if those actions are performed in their official capacity or prompted by legitimate legislative activity. To the extent additional allegations are required to further establish this Court's jurisdiction over the claims in the Amended Complaint, Dr. de la Torre is entitled to jurisdictional discovery to allow him to supplement his jurisdictional allegations.

In their Opposition[2] to Dr. de la Torre's Motion for Leave to Conduct Limited Jurisdictional Discovery,[3] Defendants simply regurgitate the meritless and conclusory arguments advanced in their Motion to Dismiss[4] to falsely claim that the Speech or Debate Clause prohibits Dr. de la Torre's claims in general, and by extension, the Clause ostensibly allows Defendants to conceal from Dr. de la Torre and this Court the facts and evidence to overcome the immunity upon which they rely. Not so.

First, the Speech or Debate Clause provides no sanctuary for Defendants to escape from jurisdictional discovery and bury evidence of their unlawful conduct because none of the facts into which Dr. de la Torre seeks jurisdictional discovery—*i.e.*, facts and evidence that demonstrate Defendants engaged in invalid *ultra vires* actions for which no legislative purpose was served— fall within the "legislative sphere" in which the Speech or Debate Clause applies. Second, Defendants' Opposition refuses to meaningfully grapple with the fact that there is no law, statute,

---

[1] "Am. Compl.," ECF 17.
[2] "Opp'n," ECF 23.
[3] "Mot.," ECF 20.
[4] "MTD," ECF 18.

or otherwise that prohibits Dr. de la Torre from obtaining the jurisdictional discovery that he seeks. Instead, the opposite is true.  Although Defendants desperately cling to the Speech or Debate Clause, they ignore that just as the Speech or Debate Clause only prohibits lawsuits where the underlying conduct consists of legitimate "legislative acts," the Clause does not prohibit the discovery and production of responsive materials relevant to Defendants' alleged conduct because they fall outside of the legislative sphere encompassed by the Speech or Debate Clause's application.

Defendants cannot and should not be authorized to break the law, violate American citizens' fundamental constitutional rights, and flout the bounds of the Senate's constitutional authority and remit simply because they unilaterally determine that the Speech or Debate Clause immunizes them from this Court's judicial scrutiny.  Accordingly, although the allegations in Dr. de la Torre's Amended Complaint sufficiently establish this Court's jurisdiction over his claims, should there be any doubt, this Court should decline Defendants' invitation to allow them to act with lawless impunity from this Court's judicial scrutiny and any legal consequences arising therefrom, and instead, this Court should grant Dr. de la Torre leave to take jurisdictional discovery before it rules on Defendants' Motion to Dismiss.

## ARGUMENT

## I.    THE SPEECH OR DEBATE CLAUSE PERMITS JURISDICTIONAL DISCOVERY

### A.    The Amended Complaint Pleads Sufficient Facts For This Court To Plausibly Find That The Speech or Debate Clause is Inapplicable to Dr. de La Torre's Claims.

In their Opposition, Defendants improperly rely on the Speech or Debate Clause to try to deprive Dr. de la Torre and this Court from additional facts and evidence that further establish that their unlawful conduct as alleged in the Amended Complaint served no legislative purpose.  Opp'n

at 27–30.  In so doing, Defendants attempt to turn the relevant standard upside down and usurp from Dr. de la Torre all favorable inferences he is afforded under the rules, including the benefit of all reasonable inferences drawn from the well-pleaded allegations in the Amended Complaint. *See Blumenthal v. Trump*, 373 F. Supp. 3d 191, 203 (D.D.C. 2019) ("On a motion to dismiss, it is the plaintiff, not the defendant, who receives the benefit of all reasonable inferences deriving from the complaint.").  Indeed, in his Amended Complaint, and throughout his Opposition to Defendants' Motion to Dismiss, Dr. de la Torre outlines the litany of well-pleaded facts in the Amended Complaint that show Defendants' alleged unlawful conduct and constitutional violations are well outside of the "legislative sphere."  *See* Am. Compl. ¶¶ 47–64; MTD Opp'n 7–17.

For example, Dr. de la Torre's Amended Complaint pleads that "requiring Dr. de la Torre to attend the hearing only to repeat his Fifth Amendment invocation serves no valid legislative purpose to the Committee."  *See* Am. Compl. ¶ 53 & n.19.  In response, Defendants fancifully claim that they anticipated Dr. de la Torre *might have* changed his mind and provided relevant testimony.  MTD at 42–43; Reply In Supp. of Mot. to Dismiss at 2, 7 ("MTD Reply," ECF 22). However, this after-the-fact and self-serving assertion is belied by the facts alleged in the Amended Complaint.  Indeed, as alleged in the Amended Complaint, the Committee knew from Dr. de la Torre's September 4, 2024 letter that he would not provide any substantive testimony at the Hearing because, *inter alia*, he was invoking his Fifth Amendment rights, which the Committee acknowledged but did not accept.  *See* Am. Compl. ¶¶ 50–53 & n.19, 71–74.  Dr. de la Torre made a clear blanket invocation of the Fifth Amendment and the Committee knew that—based on the facts alleged in the Amended Complaint detailing the Committee's ferocious campaign to pillory and crucify him as a loathsome criminal prior to and at the Hearing—answering any question at

the Hearing could subject Dr. de la Torre to criminal liability.  *See* Opp'n to Mot. to Dismiss at 31–33 ("MTD Opp'n," ECF 21).

In another example, Defendants falsely claim that Dr. de la Torre does not have standing to bring his claims because the Committee and the Senate's actions are ostensibly "complete." *See* MTD at 26.  Again, not only is this a self-serving, contradictory, and after-the-fact claim, it is also wrong.  Indeed, Defendants apparently concede that given the Senate's stature as a "continuing body," Dr. de la Torre does have standing to bring his claims because the Committee may continue to enforce the Subpoena into the 119th Congress.  *See* Mot. at 10.

Defendants' dangerous attempt to urge this Court to flout the favorable inferences that Dr. de la Torre is entitled to under the federal rules, and accept Defendants' contradictory, untested, and self-serving version of events at the pleading stage is impermissible as a matter of law, and this Court should decline Defendants' invitation to make findings that are contrary to the black letter law and rules governing this motion.  *See United States v. Bolton*, 496 F. Supp. 3d 146, 161–62 (D.D.C. 2020) (explaining that when a court is deciding a motion to dismiss, it "must draw all reasonable inferences in favor of the plaintiff" and "cannot consider [Defendants'] contradictory arguments").  The factual allegations pleaded in Dr. de la Torre's Amended Complaint, and the reasonable inferences that this Court can permissibly derive therefrom, are more than sufficient for this Court to find that the Speech or Debate Clause does not prohibit jurisdictional discovery in this case because the Committee's attempt to compel Dr. de la Torre's attendance at the Hearing only to re-assert his Fifth Amendment privilege, and then punishing him for refusing to do, lacked any legislative purpose.  MTD Opp'n at 7–17; *see also Bolton* 496 F. Supp. 3d at 161–62.

Unable to contend with the specific facts and issues upon which Dr. de la Torre seeks jurisdictional discovery, Defendants resort to regurgitating the meritless arguments advanced in

their Motion to Dismiss and again in their Reply, falsely claiming that jurisdictional discovery is precluded generally because the Speech or Debate Clause deprives this Court of authority to adjudicate Dr. de la Torre's claims in the first place.  In so doing, Defendants again try to shroud their lawless activity as benign "legislative" conduct,[5] but continue to ignore that their attempt to launder clean their constitutional violations through the Speech or Debate Clause is unavailing because Defendants cannot disguise unlawful and unconstitutional conduct as "legislative" within the Speech or Debate Clause's protection, merely by claiming that they smack of a proper legislative purpose or maintain a nexus to legislative actions.  *See* MTD Opp'n at 8–9, 16–17; *see also Fields v. Off. of Eddie Bernice Johnson*, 459 F.3d 1, 10 (D.C. Cir. 2006) ("The Speech or Debate Clause therefore does not prohibit inquiry into illegal conduct simply because it has some nexus to legislative functions, or because it is merely 'related to,' as opposed to 'part of,' the 'due functioning' of the 'legislative process.'" (citation omitted)); *see also Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975) ("[T]he Clause is applicable *only* when legislators are "***acting within the sphere of legitimate legislative activity***." (emphasis added)).

In his Amended Complaint, and throughout his Opposition to Defendants' Motion to Dismiss, Dr. de la Torre outlines several well-pleaded facts in the Amended Complaint that show Defendants' acts were outside of the "legislative sphere."  *See* Am. Compl. ¶¶ 47–64; MTD Opp'n 7–17.  Defendants' blanket and conclusory denials are of no moment.  At the motion to dismiss

---

[5]  While the Amended Complaint speaks for itself, it is worth noting that Dr. de la Torre's claims are not predicated on the Committee's motives, as Defendants suggest.  *See* MTD at 19. While the record of Defendants' disdain for Dr. de la Torre is palpable, it is the Committee's actions alone that prompted Dr. de la Torre's lawsuit, not their subjective motives.  *See* MTD Opp'n at 10, n. 2 (citing *Jewish War Veterans of the U.S. of Am., Inc. v. Gates*, 506 F. Supp. 2d 30, 60 (D.D.C. 2007) ("After all, there may be a difference between why an individual Member sponsored or supported a bill and what that bill was designed to accomplish."); *see also infra* at § II.A.

stage, such denials are given no weight against the well-pleaded factual allegations in the Amended Complaint, because this Court "cannot consider [Defendants'] contradictory arguments" and must instead afford Dr. de la Torre all reasonable inferences regarding the exclusion of Defendants' conduct from the scope of the Speech or Debate Clause's protection. *See Bolton*, 496 F. Supp. 3d at 161–62. Thus, to the extent the Amended Complaint requires additional allegations to establish this Court's jurisdiction over Dr. de la Torre's claims, and it does not, this Court should permit Dr. de la Torre to take the jurisdictional discovery he seeks by this motion. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 198 (D.C. Cir. 1992) (ruling on a motion to dismiss for want of jurisdiction is "improper before the plaintiff has had a chance to discover the facts necessary to establish jurisdiction").

### B.    The Jurisdictional Discovery Dr. De la Torre Seeks Can Further Establish Subject Matter Jurisdiction.

Although Defendants admit that "there is precedent in this Circuit for jurisdictional discovery to show subject matter jurisdiction," they nonetheless continue to suggest that the ostensible burdens of litigation prohibit jurisdictional discovery in this case. *Compare* Opp'n at 27 *with id.* at 29–30. In reality, any unspecified "burden" of discovery Defendants face would be consistent with the garden-variety burdens that federal litigants are subject to every day, particularly when they are compelled to provide jurisdictional discovery. Moreover, any complaint of these ostensible "burdens" is of no moment because they are the natural consequence of Defendants' lawless constitutional violations and Defendants' own challenge of this Court's authority to adjudicate Dr. de la Torre's claims. *See, e.g., El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) (allowing plaintiff to conduct jurisdictional discovery "lest the defendant defeat the jurisdiction of a federal court by withholding information . . .").

Contrary to Defendants' conclusory positions, the D.C. Circuit regularly grants jurisdictional discovery to determine whether defendants are protected by foreign sovereign immunity, despite the fact that such immunity is also purportedly designed to protect immunized defendants from the burden of litigation. *See, e.g.*, *Crist v. Republic of Turkey,* 995 F. Supp. 5, 12 (D.D.C. 1998) ("This court is mindful that sovereign immunity is a critical preliminary determination of subject matter jurisdiction and that the parties should be permitted a fair opportunity to engage in jurisdictional discovery so as to adequately define and submit to the court facts necessary for a thorough and complete consideration of the issue."); s*ee also Gilson v. Republic of Ireland,* 682 F.2d 1022, 1026 (D.C. Cir. 1982) (reversing dismissal of plaintiff's claims for lack of jurisdiction under the FSIA because "the facts as alleged—and generously interpreted [made] a dismissal at least premature in light of the dearth of fact-finding done by the district court"); *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992) (comparing foreign sovereign immunity to government official immunity because both possess a tension between "permitting discovery" to substantiate immunity exceptions and shielding defendants from suit altogether). To the extent subject matter jurisdiction remains an issue at the pleading stage on motion to dismiss, Dr. de la Torre is entitled to a fair opportunity to gather the information necessary to supplement his factual allegations and establish a complete record for this Court's review.

## C.    The Speech or Debate Clause Does Not Foreclose Judicial Review of Defendants' Unlawful Conduct.

In an attempt to deprive Dr. de la Torre of both his right for redress against Defendants and the facts needed to support that redress, Defendants also suggest that jurisdictional discovery is "incompatible" with the Speech or Debate Clause because, according to Defendants, Members of Congress jeopardize legislative independence when they are forced to take time from their

schedules to defend their unlawful actions.  *See* Opp'n at 29.  The Supreme Court, however, has stressed that courts should not, merely "*out of an abundance of caution to doubly insure legislative independence,*" extend the Speech or Debate Clause so far that it includes "all things in any way related to the legislative process," *U.S. v. Brewster*, 408 U.S. 501, 516 (1972), which is precisely what Defendants attempt to do here.  The Speech or Debate Clause can immunize Defendants' actions only *when it applies at all—i.e.*, it does not provide Defendants absolute immunity from all lawsuits in their entirety.  *Eastland*, 421 U.S. at 503 (1975); *see also United States v. Rose*, 28 F.3d 181, 187 (D.C. Cir. 1994) ("The Clause thus does not protect acts that are not 'legislative in nature,' even if they are performed in a Member's 'official capacity.'  Nor does it insulate 'activities that are casually or incidentally related to legislative affairs but not a part of the legislative process itself.'") (citation omitted); *Gravel v. United States*, 408 U.S. 606, 626 (1972) (legislative acts must be "part and parcel of the legislative process").

Next, Defendants attempt to obscure Dr. de la Torre's argument by improperly discounting relevant Supreme Court jurisprudence as "not [] Speech or Debate Clause case[s]" (Opp'n at 9), but in so doing, Defendants fail to recognize that these cases define the outer bounds of Congressional authority, and actions outside of that authority are foreclosed from the protections of the Speech or Debate Clause.  The Court need not credit Defendants' continued (and transparent) attempt to frame the Speech or Debate Clause's immunity as broader than it actually is.  Supreme Court guidance regarding the scope of Congressional authority is directly relevant to the question of Speech or Debate Clause immunity, as only actions that fall within the proper legislative sphere are protected by the immunity.  *Eastland*, 421 U.S. at 503.  As the Supreme Court has noted, because "there is no congressional power to expose for the sake of exposure," there can then be no immunity for those same actions because immunity cannot shield acts for

Case 1:24-cv-02776-TNM    Document 25    Filed 01/23/25    Page 13 of 21

which there is no legislative power. *See Trump v. Mazars USA, LLP*, 591 U.S. 848, 863 (2020); *Watkins v. United States*, 354 U.S. 178, 200 (1957).

Finally, Defendants desperately cling to their meritless claim that they are immune from liability even where "their conduct . . . would in itself be unconstitutional or otherwise contrary to criminal or civil statutes." Opp'n at 32–33. Adopting Defendants' reasoning would authorize Members of Congress to intentionally break the law for nothing more than personal and political gain—including by violating American citizens' fundamental and inalienable constitutional rights—and act with utter impunity from legal consequences or judicial scrutiny so long as they shroud their actions under the guise of an "investigation" and obfuscate evidence of their unlawful conduct from Dr. de la Torre and this Court simply by uttering the words "Speech or Debate Clause immunity." *See In re Sealed Case,* 80 F.4th 355, 359 (D.C. Cir. 2023) ("And even authorized factfinding may not be privileged if it goes beyond the reasonable requirements of the legislative function.") (cleaned up); *see also Doe v. McMillan,* 412 U.S. 306, 316 (1973) ("[T]he fact of congressional authorization for the questioned act is not sufficient to insulate the act from judicial scrutiny."). This would effectively immunize Congress not only from liability, but from any inquiry into whether such immunity may properly be applied—a full circle that precludes any sort of accountability for their actions—and the Speech or Debate Clause has never been intended to authorize (if not encourage) such lawlessness.

## II.    DR. DE LA TORRE IS ENTITLED TO THE JURISDICTIONAL DISCOVERY SOUGHT BY HIS MOTION

Relying entirely on their meritless claim that they are immune from suit under the Speech or Debate Clause (which they are not), Defendants fail to meaningfully grapple with the fact that Dr. de la Torre is entitled to the jurisdictional discovery he seeks in this case. While Defendants seek to hide behind the Speech or Debate Clause's protections, the Clause does not prohibit

discovery and production of responsive materials that fall outside of the legislative sphere.  *See Sec. & Exch. Comm'n v. Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 248 (S.D.N.Y. 2015) ("Responsive documents that do not fall within the 'legitimate legislative sphere' must be produced."); *see also In re Sealed Case,* 80 F.4th at 359.

All of the categories of materials that Dr. de la Torre seek "fall outside 'legislative acts' or the legitimate legislative sphere," and thus, they are properly discoverable.  *See Comm. on Ways & Means*, 161 F. Supp. 3d at 240; *see also Hutchinson v. Proxmire*, 443 U.S. 111, 133 (1979) (documents and actions that are "not a part of the legislative function" are not protected by Speech or Debate Clause); *In re Sealed Case*, 80 F.4th at 368 ("[E]ven if an investigation fell within the broad authorization of [a] Senate resolution, that does not render everything done by a subcommittee or one of its investigators privileged activity which is essential to legislating.") (cleaned up).

### A.    Dr. de la Torre Seeks Limited Jurisdictional Discovery That Would Support This Court's Jurisdiction.

In an effort to abdicate any personal responsibility for their unlawful conduct and to conceal evidence that illuminates their illicit acts, Defendants attempt to use the Speech or Debate Clause to shroud this evidence in darkness by arguing that any discovery Dr. de la Torre seeks would be prohibited by the Speech or Debate Clause, because it ostensibly prohibits discovery of legislative materials.  Opp at 36.  Not so.  Indeed, Dr. de la Torre only seeks materials that are properly discoverable despite the Speech or Debate Clause's provisions: materials that tend to show the absence of a legislative purpose in the Committee's unlawful actions, and materials that are non-legislative and are instead political in nature.

As explained in his Motion, Dr. de la Torre seeks materials that would demonstrate that Defendants' actions had no legislative purpose and would serve only to punish Dr. de la Torre.[6] Opp'n at 31.  And despite Defendants' baseless objections, "documents that reflect legislative purpose" or the lack thereof "must be produced," even when held by members of Congress.  *See Jewish War Veterans of the U.S. of Am., Inc. v. Gates*, 506 F. Supp. 2d at 54–55 (D.D.C. 2007). Faced with this reality, Defendants deploy a red herring to improperly mischaracterize the true purpose of Dr. de la Torre's requested discovery.  Indeed, Defendants continue to conflate motives for legislative purpose.  The two are not the same.  Motive is "something (such as a need or desire) that causes a person to act," such as revenge.  *Motive*, Merriam-Webster Dictionary Online, https://www.merriam-webster.com/dictionary/motive (last visited Jan. 23, 2025).  Purpose is "something set up as an object or end to be attained."  *Purpose*, Merriam-Webster Dictionary Online, https://www.merriam-webster.com/dictionary/purpose (last visited Jan. 23, 2025).

Dr. de la Torre seeks no information regarding Defendants' motives—he does not care what personal desires drove the Defendants to do what they did.  But he does seek evidence that would tend to show that Defendants' actions had no legislative purpose—that there was no object or end to be attained that would further Defendants' legislative mandates.  The latter information is not protected by the Speech or Debate Clause because "[a]fter all, there may be a difference between why an individual member sponsored or supported a bill and what the bill was designed to accomplish."  *Jewish War Veterans,* 506 F. Supp. 2d at 60 (finding that documents that reveal

---

[6]  Defendants also allege that Dr. de la Torre is conflating jurisdictional discovery with discovery that focuses "on the legal merits of his two claims," arguing that "discovery regarding the merits of the claims raised in the complaint is not jurisdictional discovery."  Opp'n at 31 n. 10. Defendants themselves, however, intertwine their defense that "the Speech or Debate Clause operates as a jurisdictional bar," MTD at 16, with the basis for Dr. de la Torre's claims: that the Committee acted without a legislative purpose.

"overall legislative purpose" are not protected by the Speech or Debate Clause and must be produced); *see also Comm. on Ways & Means,* 161 F. Supp. 3d at 248  ("Responsive documents that do not fall within the 'legitimate legislative sphere' must be produced.") (citation omitted).

Defendants attempt to disavow the on-point holding in *Jewish War Veterans* by arguing that the plaintiff in *Jewish War Veterans* challenged an Act of Congress under the Establishment Clause of the First Amendment. Defendants miss the mark, and in so doing, they fail to recognize that the Court grappled with the very question at issue here: whether the Speech or Debate Clause bars discovery into documents that reflect legislative purpose of government action.  It does not.

As part of the discovery efforts in *Jewish War Veterans*, plaintiff sought categories of documents in the possession or control of three Congressmen who had sponsored the Act being challenged.  506 F. Supp. 2d at 34.  The Congressmen objected to the productions, specifically arguing, as Defendants do here, that "some of the production sought was barred by the Speech or Debate Clause."  *Id.*  The Court then analyzed precisely the relevant question here and ultimately held that "documents that reflect legislative purpose, rather than the motives of individual legislators" "must be produced."[7]  *Id.* at 55.

Further, the D.C. Circuit has repeatedly found the Speech or Debate Clause's restrictions on discovery are not "categorical," stressing that in order to determine whether documents fall within the Clause's protection, Courts must apply a "fact-specific" analysis to establish whether each challenged act is legitimately "legislative."  *In re Sealed Case*, 80 F.4th at 359 (quoting

---

[7]  Defendants argue that the "legislative purpose" discussed by the Court in this context is relevant only to the *Lemon* test's requirement that a government action have a "secular legislative purpose" in determining whether the action is consistent with the Establishment Clause.  However, the Court specifically differentiates discussion of "the Establishment Clause context" and separately assesses the Speech or Debate Clause "dealing with overall legislative purpose." *Jewish War Veterans*, 506 F. Supp. 2d at 60.

*Gravel v. United States*, 408 U.S. at 625.  While Dr. de la Torre sufficiently alleges subject matter jurisdiction in the Amended Complaint, if necessary (and it is not), jurisdictional discovery would aid in the Court's "fact-specific" analysis in uncovering not only the purpose of the acts Dr. de la Torre challenges in his Amended Complaint, but also to what extent such acts consist of activities that fall outside the Clause's protection, such as intra-congressional communications, or communications with the press, *see, e.g.*, *In re Sealed Case*, 80 F.4th at 359, which are neither included in the record before the court, nor are they public records subject to judicial notice. *Judicial Watch, Inc. v. Tillerson*, 293 F. Supp. 3d 33, 47 (D.D.C. 2017), *aff'd sub nom. Judicial Watch, Inc. v. Pompeo*, 744 Fed. Appx. 3 (D.C. Cir. 2018) ("Courts typically permit jurisdictional discovery where the record . . . before the court is plainly inadequate, and the party seeking discovery 'may be able to present new facts to bolster its theory regarding jurisdiction.'") (citation omitted).

Additionally, Dr. de la Torre seeks discoverable materials that would support his Amended Complaint and that fall squarely outside of the Clause's protection.  For example, Defendants' remarks to members of the press or members of the general public are discoverable, and could further show that: Defendants did not expect Dr. de la Torre to provide information at the Hearing; Defendants understood Dr. de la Torre repeatedly invoked his Fifth Amendment rights, including prior to the Hearing; and that there was no legislative purpose served by ordering Dr. de la Torre to appear despite his Fifth Amendment invocation.  Such materials are not protected by the Speech or Debate Clause.  *See Comm. on Ways & Means*, 161 F. Supp. 3d at 245 ("[T]he Speech or Debate Clause does not provide protection for information communicated by a Member or aide to a member of the public.").  Instead, these materials fall squarely within the category of "non-legislative" "intra-congressional communications," which this Court has already determined are

"too far removed from legislative proceedings to warrant privilege under the [Speech or Debate] Clause" because "the subjects of these communications are akin to political matters not covered by the privilege." *See In re Sealed Case*, 80 F.4th at 372–73 (holding intra-congressional communications discussing "upcoming events, political talking points, news articles of interest, and non-legislative events occurring in and around Congress" are discoverable).

**B.    Dr. de la Torre Has Made a Detailed Showing of Specific Information He Seeks Through Jurisdictional Discovery.**

Far from the "fishing expedition" Defendants allege, Opp'n at 28, 32, Dr. de la Torre requests specific discovery that he believes in good faith will further support the well-pleaded allegations in the Amended Complaint that authorizes this Court to adjudicate his claims.  *See Aljabri v. bin Salman*, 106 F.4th 1157, 1165 (D.C. Cir. 2024) (explaining that "the burden to demonstrate entitlement to jurisdictional discovery is not onerous, only requiring that a plaintiff have at least a good faith belief that such jurisdictional discovery" will demonstrate that the Court has jurisdiction) (internal citations omitted).  Defendants mischaracterize Dr. de la Torre's request for jurisdictional discovery as "based on mere conjecture or speculation" and falsely claim that the materials are not relevant to a determination of Defendants' Motion to Dismiss, but Defendants are wrong.

Dr. de la Torre has made a more than sufficient showing of this Court's jurisdiction to permit targeted discovery, particularly considering this Circuit's "liberal" standard for jurisdictional discovery.  *Diamond Chem. Co. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003); *Herbert*, 974 F.2d at 198 ("[T]his Court has previously indicated that ruling on a Rule 12(b)(1) motion may be improper before the plaintiff has had a chance to discover the facts necessary to establish jurisdiction.").  This Circuit has permitted jurisdictional discovery to proceed even when it is not a certainty that a plaintiff will succeed.  *See GTE New Media Servs.*

*Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1352 (D.C. Cir. 2000) ("We cannot tell whether jurisdictional discovery will assist GTE on this score, but it is entitled to pursue precisely focused discovery aimed at addressing matters relating to personal jurisdiction."); *Diamond Chem.*, 268 F. Supp. 2d at 15 (finding "it hard to imagine a situation where a plaintiff could not 'demonstrate that it can supplement its jurisdictional allegations through discovery'") (quoting *GTE*, 199 F.3d at 1351).

While Dr. de la Torre does not have the omniscient benefit of knowing in advance which specific documents Defendants will produce, he is not required to make such a showing. He need only allege a good faith belief that jurisdictional discovery may yield information that bears on the Court's jurisdiction. *Aljabri*, 106 F.4th at 1165. And, as explained throughout Dr. de la Torre's Motion, targeted discovery could uncover precisely that type of information, including:

- Documents, communications, and admissions regarding whether and to what extent the Committee understood Dr. de la Torre's September 4, 2024 correspondence to be a full and unequivocal invocation of the Fifth Amendment, a fact which Defendants have disputed, *see* Mot. at 9;

- Documents, communications, and admissions regarding the Committee's enforcement efforts of the Subpoena, and what the purported purpose was of Dr. de la Torre appearing at the September 12 Hearing solely to re-invoke the Fifth Amendment, a fact at the heart of whether an action is within the "legislative sphere";

- Documents, communications, and admissions regarding the ultimate legislative purpose of Dr. de la Torre's attendance at the September 12 Hearing despite his invocation—*i.e.*, which specific legislation it would have informed or how it would have served the deliberative and communicative legislative process;

- Documents, communications, and admissions regarding the Committee's decision to "overrule" Dr. de la Torre's Fifth Amendment invocation and the grounds for such decision, which informs the legislative purpose of the Committee's actions and whether they were within the "legislative sphere";

- Documents, communications, and admissions regarding the Committee's threat of criminal penalties for failure to appear and what the Committee believed such a threat would accomplish such that the Court can establish whether such threats were within the "legislative sphere"; and

- Documents and admissions regarding whether any legal staff on the Committee are bound by D.C. Bar ethics opinions, so this Court may determine whether the Committee abided by ethical standards in compelling Dr. de la Torre's testimony over his Fifth Amendment invocation.

This information is discoverable under the Speech or Debate Clause for the reasons explained above, *see supra* § II.A, and is directly relevant to a determination of this Court's jurisdiction. Accordingly, to the extent additional allegations are required to further establish this Court's jurisdiction over Dr. de la Torre's claims (and to be clear, no additional allegations are required), this Court should grant Dr. de la Torre leave to take jurisdictional discovery before it rules on Defendants' Motion to Dismiss. *See Herbert*, 974 F.2d at 198 (ruling on a motion to dismiss is "improper before the plaintiff has had a chance to discover the facts necessary to establish jurisdiction").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to grant his Motion for Leave to Conduct Limited Jurisdictional Discovery.

Dated: January 23, 2025

Respectfully submitted,

By:   */s/  Alexander J. Merton*

William A. Burck (D.C. Bar No. 979677)
Alexander J. Merton (D.C. Bar No. 1029439)
  (pro hac vice)
Kaylee A. Otterbacher (D.C. Bar No. 90018061)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, District of Columbia 20005-3314
(202) 538-8000
williamburck@quinnemanuel.com
ajmerton@quinnemanuel.com
kayleeotterbacher@quinnemanuel.com

*Counsel to Plaintiff Dr. Ralph de la Torre*

17